UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02840-JPH-DML |
| | ) |
| D. REAGLE, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Discussing Filing Fee, Screening Complaint, and Directing Further Proceedings**

Plaintiff Kevin Williams, an inmate at Pendleton Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983. Although Mr. Williams has failed to file a verified motion to proceed *in forma pauperis*, there is no doubt from his filings that he seeks that status and qualifies for it. Thus, the Court will permit Mr. Williams to proceed *in forma pauperis* and will screen his complaint.

**I.     Filing Fee**

Mr. Williams has not paid the filing fee or filed a verified motion to proceed *in forma pauperis*. In response to the Court's Order directing him to pay the filing fee or file a motion to proceed *in forma pauperis*, Mr. Williams filed a response in which he stated that he owes $10,000 in restitution, and he did not have enough money to purchase copies of his trust account statement. Dkt. 9. The Court ordered Mr. Williams' custodian to forward a copy of his six-month trust account statement and ordered Mr. Williams to file a motion to

1

proceed *in forma pauperis*, sending Mr. Williams a copy of a form motion. Dkt. 10.

The facility provided Mr. Williams' trust account statement, which shows Mr. Williams has no money and over $2,000.00 in debt. Dkt. 11. Mr. Williams, however, has not filed a motion to proceed *in forma pauperis*. Because the trust account confirms Mr. Williams' representations to the Court that he does not have any money to pay the filing fee, the Court will permit Mr. Williams to proceed *in forma pauperis*.

Although Mr. Williams is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee."). The assessment of even an initial partial filing fee is waived because Mr. Williams has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

## II.     Screening of the Complaint

### A. Screening Standard

Because Mr. Williams is incarcerated, this Court must screen his complaint before service. 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In

determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. The Complaint

Mr. Williams has named ten defendants in his complaint: (1) D. Reagle; (2) A. Smith; (3) M. Conyers; (4) C. Conyers; (5) D. Alsip; (6) M. Bryant; (7) J. Reinhart; (8) M. Reinhart; (9) M. Phleeger; and (10) J. Ruttan.

Mr. Williams' 18-page complaint is difficult to follow. The Court summarizes the claims it understands Mr. Williams to raise.

Mr. Williams alleges that correctional staff at Pendleton have harassed and abused him since he was first placed there in 2006. He alleges that Superintendent Alsip and Captain J. Ruttan racially profiled and falsely accused Mr. Williams of battery against Captain Ruttan, resulting in criminal charges being filed against him in February 2021 in Indiana case number 48C04-2102-F5-000288. Other non-defendant officers then falsely accused him of throwing an unknown liquid onto a National Guard member.

After being falsely accused of battery, Mr. Williams was placed on strip cell status, meaning he was placed in a plex-glass shield covered cell and

separated from all personal belongings. Since criminal charges were filed, Mr. Williams has been "subjected to a ramped up, non-stop, consistent and continuous, punishment by denial of basic hygiene, recreation, phone, visits, food, mail, grooming utensils, stationary, just any thing that will cause this prisoner hardship beyond the ordinary condition and circumstances." Dkt. 1 at 7. In March 2021, Defendants Superintendent Reagle and Assistant Superintendent Bryant ordered the removal of the few personal effects Mr. Williams still had, including a necklace with a cross. None of Mr. Williams' personal effects have been returned to him.

Defendants Smith and M. Conyers used their positions to subject Mr. Williams to unfair, malicious, and biased disciplinary proceedings. With respect to the battery incident, Sgt. Cook concluded in a disciplinary proceeding that Captain Ruttan suffered no injury and imposed minor sanctions. Defendant Smith subsequently rescinded the sanctions so that Mr. Williams would have to face the disciplinary board a second time. During the second round, the disciplinary officer imposed harsher sanctions.

Mr. Williams alleges that Lt. Phleeger has directed his staff to take away or refuse Mr. Williams any personal items, including soap, toothpaste, comb, nail clippers, toothbrush, and clothing. Lt. Phleeger has directed his staff to provoke and humiliate Mr. Williams in an effort to dehumanize him. Mr. Williams alleges that grievance specialist C. Conyers, wife of defendant M.

Conyers, has improperly rejected Mr. Williams grievances or has refused to process them.

Mr. Williams alleges that Sgt. J. Reinhart has gossiped and spread rumors about Mr. Williams, causing him to be subjected to unfair treatment. After Mr. Williams won reversal of a disciplinary sanction, Sgt. J. Reinhart held disciplinary proceedings against him for the same conduct and imposed harsher sanctions. Mr. Williams spoke to M. Conyers before the disciplinary hearing stating that Sgt. Reinhart would be biased against him, but M. Conyers failed to intervene.

As a result of his unfair disciplinary proceedings, Mr. Williams has been subjected to poor living conditions. He is denied medical and mental health treatment and religious services; his clothing has been taken away and he is forced to wear other inmates' stained and soiled clothing; he goes weeks without his linens being exchanged; and his mail is tampered with or withheld.

### C. Discussion

#### i. Claims Barred by *Heck v. Humphrey*

Mr. Williams alleges that Superintendent Alsip and Captain J. Ruttan, motivated by racism, falsely accused Mr. Williams of battery against Captain Ruttan resulting in criminal charges. The Court takes judicial notice of the chronological case summary in Indiana case number 48C04-2102-F5-000288, available at mycase.in.gov, which shows that a jury trial is scheduled for June 6, 2022, in this case. Further, Mr. Williams alleges that Defendants Smith and M. Conyers interfered in his disciplinary proceedings by rescinding a minor

punishment so that Mr. Williams would have to go through a second round of proceedings and receive a harsher punishment. The Court understands Mr. Williams to assert malicious prosecution and equal protection claims.

These claims are **barred** by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that "when 'a judgment in favor of the plaintiff [in his civil suit] would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 484-85)). The Supreme Court extended this doctrine to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641 (1997); *see also Morgan v. Schott*, 914 F.3d 1115, 1121 (7th Cir. 2019) ("A damages judgment for [the plaintiff] would amount to a judicial determination that prison officials infringed [the plaintiff's] constitutional rights by failing to call a witness in his defense, rendering the [prison disciplinary] proceeding unfair. Such a judgment would straightforwardly imply the invalidity of his punishment, triggering *Heck*'s favorable-termination rule."). Mr. Williams has not alleged that the prison disciplinary conviction has been invalidated, and his criminal case in Indiana case number 48C04-2102-F5-000288 remains pending.

Further, to the extent Mr. Williams alleges that defendants Smith, M. Conyers, or Sgt. J. Reinhart violated his double jeopardy rights by forcing him to face disciplinary proceedings after former decisions were overturned, those claims are **dismissed**. "[D]ouble jeopardy protections do not attach in

prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004). Although the double jeopardy clause prohibits multiple "punishments" for the same offense, "[p]rison discipline . . . does not constitute 'punishment' . . . for double jeopardy purposes." *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994)).

### ii.  Grievance Procedure

Mr. Williams alleges that grievance specialist C. Conyers interfered with his access to the grievance process by improperly denying grievances or refusing to process them. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, prisoners must exhaust available administrative remedies before filing lawsuits. If prison staff interfere with an inmate's ability to exhaust his administrative remedies by refusing to provide forms or engaging in other affirmative misconduct, the administrative process will be deemed unavailable, and the prisoner will be excused from exhausting his remedies. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The PLRA's exhaustion requirement does not, however, create a freestanding right under federal law to access the administrative remedy process. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Nor are grievance procedures mandated by the First Amendment. *Owens v. Hinsley*, 635 F.3d

7

950, 953-54 (7th Cir. 2011). Because Mr. Williams had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983). Accordingly, any claim against C. Conyers is **dismissed**.

    iii.    **Eighth Amendment Conditions-of-Confinement**

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1048–49 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 345−47 (1981)). Conditions are unconstitutional if they create an excessive risk to an inmate's health and "deprive[ ] him of the 'minimal civilized measure of life's necessities'" which includes bedding and hygienic materials. *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (quoting *Rhodes*, 425 U.S. at 347). Further, "[u]nder the Eighth Amendment, prison officials are responsible for providing healthcare to incarcerated persons who cannot obtain healthcare on their own." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). Finally, although most verbal harassment does not rise to the level of cruel and unusual punishment, some does. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (providing example of a guard calling plaintiff by derogatory names for a gay person possibly giving rise to an Eighth Amendment claim if it results in severe psychological harm).

Mr. Williams' Eighth Amendment claims **shall proceed** against Superintendent Reagle, Assistant Superintendent M. Bryant, and Lt. Phleeger.

Mr. Williams' Eighth Amendment claims are **dismissed** as to the other defendants. "Individual liability under § 1983 ... requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Williams does not include facts from which one could infer that the other defendants participated in violating his Eighth Amendment rights. Mr. Williams mentions that M. Reinhart is J. Reinhart's husband but says nothing more about him. Dkt. 1 at 11. He alleges that J. Reinhart gossiped and spread rumors about Mr. Williams in order to subject him to unfair treatment, but provides no details. *Id.* at 11–12. And he does not connect the other defendants— M. Conyers, C. Conyers, D. Alsip, A. Smith, or S. Ruttan—to his allegedly unconstitutional conditions of confinement.

### D. Summary of Claims and Motion to Amend

Eighth Amendment claims shall proceed against Superintendent Reagle, Assistant Superintendent M. Bryant, and Lt. Phleeger. All other claims are dismissed.

Mr. Williams filed a motion to amend his complaint. Dkt. 7. The motion says he wants to "add" additional defendants and claims, indicating that Mr. Williams seeks to supplement his original complaint rather than replace it. The motion, dkt. [7], is **denied without prejudice**. An amended complaint replaces the prior complaint in its entirety. *See Beal v. Beller*, 847 F.3d 897,

901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, the amended complaint must contain all claims against all defendants and stand complete on its own. S.D. Ind. L.R. 15-1(b).

Mr. Williams has **through April 18, 2022**, to file an amended complaint. Any amended complaint must state "Amended Complaint" and the case number, 1:21-cv-02840-JPH-DML, on the front page. It must include all defendants, factual allegations, and requests for relief that Mr. Williams seeks to pursue. Further, Mr. Williams must provide enough details of the individual defendant's conduct instead of relying on legal conclusions so the Court may determine whether the individual could be liable.

### E. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants Superintendent Reagle, Assistant Superintendent M. Bryant, and Lt. Phleeger in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate A. Smith, M. Conyers, C. Conyers, D. Alsip, J. Reinhart, M. Reinhart, and J. Ruttan as defendants in this action.

### III.   Conclusion

Mr. Williams' complaint may proceed without payment of the filing fee because he has demonstrated he has insufficient funds to pay it.

Eighth Amendment claims **shall proceed** against Superintendent Reagle, Assistant Superintendent M. Bryant, and Lt. Phleeger. All other claims are dismissed. Mr. Williams has **through April 18, 2022**, to file an amended complaint if he so chooses. The **clerk is directed** to include a blank pro se civil complaint form with Mr. Williams' copy of this Order.

The defendants are ordered to respond to Mr. Williams' motion for preliminary injunction, dkt. [2], in which he requests a transfer to another prison, when they file an answer to his complaint.

**SO ORDERED.**

Date: 3/17/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN WILLIAMS
865434
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to IDOC Employees (Pendleton Correctional Facility):

Superintendent Reagle
Assistant Superintendent M. Bryant
Lt. Phleeger